Argued July 22, affirmed as modified August 16, reconsideration denied September 15, petition for review denied October 12, 1976

# In the Matter of the Dissolution of the Marriage of
## BEHRENDS, *Appellant,*
### *and*
## BEHRENDS, *Respondent.*
### (No. 411-435, CA 5933)

552 P2d 1350

*Austin W. Crowe, Jr.,* Portland, argued the cause for appellant. With him on the brief were Cosgrave & Kester, Portland.

*Francis F. Yunker,* Portland, argued the cause for respondent. With him on the brief was Mary J. Vershum, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

## LANGTRY, J.

Wife appeals from a marriage-dissolution decree, challenging the wife support provision thereof. The parties were married for 20 years. They have three children, the youngest 16 years of age. There is no contest over their custody or the support payments awarded for them. Husband, a veterinarian, has a practice which has recently netted just short of $70,000 per year. They have extensive property which was divided by the decree. Included in some $130,000 in assets (a home free of encumbrance among them) awarded wife was about $57,000 in securities. Husband was awarded his practice and some assets more difficult of management. He was required to maintain several life insurance policies for the benefit of his dependents.

Wife support, the subject of the controversy, was set at $1,500 per month for the first year, commencing January 1, 1976, then decreasing by $250 per month each year until December 31, 1980 when it would cease altogether. Wife had asked for $2,000 per month. Husband had expressed a willingness to pay $1,500 per month. A fair appraisal of the whole record substantiates his argument that this willingness was conditioned upon his retaining considerably more of the assets than the decree awarded him. Much of the argument about money revolves around the question of what husband's practice is worth, specifically whether "good will" should be included in the valuation. We have considered the arguments in this regard, but they do not figure large in our resolution of the problem, for the main question revolves mostly around needs on the one hand, and income on the other.

Wife has mental problems which frequently have required her hospitalization. She has little or no prospect of being employable. Her activities are such as to be quite provoking, but nevertheless we conclude that she must be left with some permanent assurance of an income that will give her an approach to the standard

[ 511 ]

of living to which she became accustomed during the marriage, if she does not remarry. She can reasonably expect to receive an income of $300 to $400 per month from the securities that were awarded to her. We think it reasonable that this prospective income should be supplemented by $500 per month after December 31, 1980 from husband, or until death or remarriage. The decree is affirmed and modified accordingly.

Affirmed as modified. Costs to appellant.